# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00206-MR-WCM

| | |
|---|---|
| WAYNE L. ROSS, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FINANCIAL RECOVERY SERVICES, INC.,<br><br>Defendant. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Leave to Take Limited Discovery on the Issue of Arbitrability and to Stay Defendant's Motion to Compel Arbitration and Dismiss [sic] Defendant Financial Recovery Services."  [Doc. 13].

## I.  PROCEDURAL BACKGROUND

On June 30, 2021, the Plaintiff, Wayne L. Ross ("Plaintiff"), initiated this action against Financial Recovery Services, Inc. ("Defendant") in the Cleveland County General Court of Justice, Superior Court Division.  [Doc. 1-2].  In his Complaint, the Plaintiff alleges that the "Defendant unreasonably disclosed, communicated and/or publicized information regarding Plaintiff's

debt and all others similarly situated to another person" in violation of the Fair Debt Collection Practices Act and the North Carolina Debt Collection Act. [Id. at ¶ 1-2]. The Plaintiff also alleges violations of the North Carolina Unfair and Deceptive Trade Practices Act. [Id. at ¶ 65-72]. On August 5, 2021, the Defendant removed the action to this Court. [Doc. 1].

On October 15, 2021, the Defendant filed the "Motion to Compel Arbitration and Dismiss of Defendant Financial Recovery Services, Inc." ("Motion to Compel Arbitration"). [Doc. 9]. In response, the Plaintiff filed the present "Motion for Leave to Take Limited Discovery on the Issue of Arbitrability and to Stay Defendant's Motion to Compel Arbitration and Dismiss [sic] Defendant Financial Recovery Services" ("Motion for Leave to take Limited Discovery") on November 9, 2021. [Doc. 13]. Subsequently, the Court held the Motion to Compel Arbitration in abeyance pending the resolution of the Motion for Leave to take Limited Discovery. [Text Order entered Nov. 10, 2021].

## II. FACTUAL BACKGROUND

The Defendant, Federal Recovery Services, Inc., is a collections agency employed by Barclays Bank Delaware ("Barclays Bank"). [Doc. 9-4 at ¶ 3, 6-7]. In August of 2018, the Plaintiff applied for a credit card account with Barclays Bank. [Doc. 9-2 at ¶ 5]. Upon approving the Plaintiff's

application, Barclays Bank mailed the Plaintiff a credit card and a copy of the Cardmember Agreement for the Plaintiff's account. [Id. at ¶ 6]. The Cardmember Agreement states, in pertinent part, that "[b]y signing, keeping, using or otherwise accepting your Card or Account, you agree to the terms and conditions of this Agreement." [Doc. 9-3 at 1]. The Plaintiff used the credit card. [Doc. 9-2 at ¶ 9].

The Cardmember Agreement also contains an arbitration provision stating, in pertinent part, that:

> At the election of either you or us, any claim, dispute or controversy ("Claim") by either you or us against the other, arising from or relating in any way to this Agreement or your Account, or their establishment, or any transaction or activity on your Account, including (without limitation) Claims based on contract, tort (including intentional torts), fraud, agency, negligence, statutory or regulatory provisions or any other source of law and (except as otherwise specifically provided in this Agreement) Claims regarding the applicability of this arbitration provision or the validity of the entire Agreement, *shall be resolved exclusively by arbitration.* For purposes of this provision, "you" includes yourself, any authorized user on the Account, and any of your agents, beneficiaries or assigns, or anyone acting on behalf of the foregoing, and "we" or "us" includes our employees, parents, subsidiaries, affiliates, beneficiaries, *agents* and assigns, and to the extent included in a proceeding in which Barclays is a party, its service providers and marketing partners.

[Doc. 9-3 at 2] (emphasis added).

In November of 2020, Barclays Bank referred the Plaintiff's account to the Defendant for collection efforts after the Plaintiff failed to pay his credit card debt. [Doc. 9-4 at ¶ 6]. After the Plaintiff's account was referred to the Defendant, the Plaintiff alleges that the Defendant violated state and federal law when the Defendant conveyed information about the Plaintiff's debt to a third-party letter preparation vendor without the Plaintiff's consent. [Doc. 1-2 at ¶ 18-25].

## III. DISCUSSION

The Plaintiff disputes the authority of the Defendant, who was not a party to the Cardmember Agreement between the Plaintiff and Barclays Bank, to enforce the arbitration provision. [See Doc. 13; Doc. 15]. Specifically, the Plaintiff asserts that the Defendant has not presented facts showing that the Defendant is Barclays Bank's agent as that term is used in the Cardmember Agreement. [Doc. 15 at 5]. The Plaintiff also asserts that the Defendant's reliance on a separate agreement, the Global Framework for Supply of Products and Services Agreement ("Global Agreement"), to establish an agency relationship between the Defendant and Barclays Bank is misplaced because the Global Agreement became effective after the Defendant's allegedly unlawful conduct and expressly disclaims an agency relationship. [Id. at 3-4]. Therefore, the Plaintiff requests "leave to take

4

limited early discovery on the validity and enforceability of the arbitration clause." [Doc. 13 at 4].

The Federal Arbitration Act ("FAA") provides, in pertinent part, as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. This provision reflects "both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (internal citations and quotation marks omitted). In keeping with these principles, "courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." Id. (internal citations omitted). "In determining whether the dispute at issue is one to be resolved through arbitration, the court must engage in a limited review to ensure that the dispute is arbitrable – i.e., that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." Mansfield v. Vanderbilt Mortg. and Fin. Inc., 29 F. Supp. 3d 645, 652 (E.D.N.C. June 16, 2014) (citation and

5

internal quotation marks omitted). Further, "if a party challenges the enforceability of an arbitration agreement, courts generally permit discovery regarding the formation and performance of the arbitration provision." Dillon v. BMO Harris Bank, N.A., No. 1:13-CV-897, 2015 WL 6619972, at *3 (M.D.N.C. Oct. 30, 2015); see also Scales v. SCC Winston-Salem Operating, Co., LLC, No. 1:17-CV-539, 2017 WL 4467278, at *3 (M.D.N.C. Oct. 5, 2017); Blankenship v. Seventeenth St. Assocs., LLC, Civil Action No. 3:11-0627, 2012 WL 10008266, at *1 (S.D.W. Va. Feb. 1, 2012).

Here, the Defendant has presented the declaration of Michael D. Roberts, the AVP, Legal Matters Lead at Barclays Bank, stating that the Defendant "is Barclays' collection agent assigned to Plaintiff's Account for the purpose of collecting on behalf of Barclays." [Doc. 9-4 at ¶ 7]. This single conclusory statement, standing alone, is insufficient to establish that the Defendant can enforce the arbitration provision as an agent of Barclays Bank under the Cardmember Agreement. The Defendant also relies on the rights and responsibilities outlined in the Global Agreement to establish an agency relationship between the Defendant and Barclays Bank. [See Doc. 14 at 3-6]. However, the Court cannot properly evaluate either party's arguments regarding the Global Agreement because the Global Agreement is not before

6

Case 1:21-cv-00206-MR-WCM   Document 16   Filed 02/04/22   Page 6 of 8

the Court.[1]  The Defendant has presented no further evidence establishing that it, as a nonparty, can enforce the arbitration provision in the Cardholder Agreement between the Plaintiff and Barclays Bank.  Therefore, some limited discovery is needed in order to adduce the documents and facts needed to apply the terms of the arbitration provision.  Accordingly, the Plaintiff's request for leave to take limited discovery as to the Defendant's ability to enforce the arbitration provision is granted.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Leave to Take Limited Discovery on the Issue of Arbitrability and to Stay Defendant's Motion to Compel Arbitration and Dismiss [sic] Defendant Financial Recovery Services" [Doc. 13] is **GRANTED,** and the Plaintiff shall have sixty (60) days from the entry of this Order to conduct limited discovery as to the issue of whether the Defendant, Financial Recovery Services, Inc., has the authority to enforce the arbitration provision in the Cardmember Agreement between the Plaintiff and Barclays Bank Delaware.

**IT IS FURTHER ORDERED** that the Plaintiff shall have fourteen (14) days from the completion of the limited discovery period to file a response to

---

[1] The Defendant notes, however, that a copy of the Global Agreement "has been provided to Plaintiff and designated as confidential pursuant to the governing protective order." [Doc. 14 at 3 n.2].

the Defendant's "Motion to Compel Arbitration and Dismiss of Defendant Financial Recovery Services, Inc." [Doc. 9] and that the Defendant's Motion to Compel Arbitration is **HELD IN ABEYANCE** pending the completion of the limited discovery period and the filing of the Plaintiff's response.

    **IT IS SO ORDERED.**

Signed: February 4, 2022

Martin Reidinger
Chief United States District Judge

8

Case 1:21-cv-00206-MR-WCM   Document 16   Filed 02/04/22   Page 8 of 8