# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-000206-MR-WCM

| | |
|---|---|
| WAYNE L. ROSS, on behalf of himself and others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FINANCIAL RECOVERY SERVICES, INC., )<br>)<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Seal Certain Documents Filed in Support of Its Renewed Motion to Compel Arbitration and to Dismiss [Doc. 26].

The Defendant moves for leave to file under seal certain exhibits related to its Motion to Compel Arbitration and to Dismiss. [Doc. 26]. The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by

showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant's motion was filed on May 13, 2021, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the exhibits at issue contain sensitive business information, and that the public's right of access to such information

is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of these exhibits is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS THEREFORE ORDERED** that the Defendant's Unopposed Motion to Seal [Doc. 26] is **GRANTED**, and the documents submitted as Exhibit D to the Declaration of David A. Grassi, Jr. [Doc. 27] shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: June 13, 2022

Martin Reidinger
Chief United States District Judge