IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00206-MR-WCM

| | |
|---|---|
| **WAYNE L. ROSS,** on behalf of himself and others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) **FINANCIAL RECOVERY** ) **SERVICES, INC.,** ) ) Defendant. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc. 17].

**I.    BACKGROUND**

On June 30, 2021, the Plaintiff Wayne L. Ross initiated this action against the Defendant, Financial Recovery Services, Inc., in the Cleveland County General Court of Justice, Superior Court Division. [Doc. 1-2: Complaint]. In his Complaint, the Plaintiff alleges that the "Defendant unreasonably disclosed, communicated, and/or publicized information regarding Plaintiff's debt and all others similarly situated to another person" in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the North Carolina Debt Collection Act, N.C. Gen. Stat. §

75-50 *et seq.* [Id. at ¶¶ 1-2, 36-57, 58-64]. The Plaintiff also alleges violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1. [Id. at ¶¶ 65-72]. On August 5, 2021, the Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441. [Doc. 1].

On September 28, 2021, the Plaintiff filed an Amended Complaint, reasserting his federal and state claims against the Defendant and adding a claim for violation of the North Carolina Collection Agencies Act, N.C. Gen. Stat. § 58-70 *et seq.* [Doc. 5].

On March 7, 2022, the Plaintiff filed the present motion to remand, arguing that his FDCPA claim does not involve an injury sufficient to support Article III standing and, thus, federal question jurisdiction does not exist to support the removal of this action to federal court. [Doc. 17]. The Defendant responded to the Motion to Remand [Doc. 19], and the Plaintiff replied [Doc. 20].

Having been fully briefed, this matter is ripe for disposition.

## II.  STANDARD OF REVIEW

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. A defendant may remove a civil action from a state court if the action

is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

When reviewing a motion to remand, the Court must consider "the complaint at the time of removal to determine if removal was appropriate in the first place." Merritt Blvd., Inc. v. Dep't of Permits & Dev. Mgmt., 60 F. App'x 944, 945 (4th Cir. 2003). Federal courts are "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). As such, courts must "resolve all doubts in favor of remand." Strawn v. AT&T Mobility, LLC, 530 F.3d 293, 297 (4th Cir. 2008). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

## III. DISCUSSION

Article III of the United States Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Beck v. McDonald, 848 F.3d 262, 269 (4th Cir. 2017) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." Id. (quoting Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013)).

To have Article III standing to sue, a plaintiff must have suffered a legally cognizable injury. Garey v. James S. Farrin, P.C., 35 F.4th 917, 921 (4th Cir. 2022). "Congress may, of course, 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" Id. (alteration in original) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 578 (1992)); see also Warth v. Seldin, 422 U.S. 490, 514 (1975) ("Congress may create a statutory right or entitlement the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of statute." (citations omitted)). Congress's ability to identify and elevate previously unactionable injuries, however, does not mean that a plaintiff automatically suffers a legally cognizable injury "whenever a statute grants [the plaintiff] a statutory right and purports to authorize [the plaintiff] to sue to vindicate that right." Spokeo, Inc. v. Robins, 578 U.S. 330, 341 (2016). Indeed, "Article III standing requires a concrete injury even in the context of a statutory violation." Id.; see also TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2205 (2021) ("Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." (emphasis in original)).

To establish that a statutory violation "identifies an injury sufficient for standing purposes," the party invoking federal jurisdiction may "identif[y] a close historical or common-law analogue" for the plaintiff's asserted injury. Garey, 35 F.4th at 921 (quoting TransUnion, 141 S. Ct. at 2204). Such analogue must be a harm "for which courts have 'traditionally' provided a remedy." Id. (quoting TransUnion, 141 S. Ct. at 2204). "[A]n exact duplicate in American history and tradition," however, is not required. Id. at 922 (quoting TransUnion, 141 S. Ct. at 2204). Where a close historical or common-law analogue has been established, the plaintiff "has standing even if the precise injury would not, absent the statute, be sufficient for Article III standing purposes." Id. at 921.

Here, the Plaintiff alleges that the Defendant wrongfully disclosed information regarding the Plaintiff's debt to a third party. [Doc. 1-2: Complaint at ¶¶ 2, 21-24, 44]. The Plaintiff's alleged harm is closely related to the invasion of privacy, "which has long provided a basis for recovery at common law." Garey, 35 F.4th at 921; see also TransUnion, 141 S. Ct. at 2204 (identifying "disclosure of private information" as a "traditionally recognized ... basis for [a] lawsuit[] in American courts"). As such, the Plaintiff's FDCPA claim identifies a privacy injury sufficient to support Article III standing. Therefore, the Motion to Remand is denied.

5

# **ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand [Doc. 17] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 25, 2022

Martin Reidinger
Chief United States District Judge